B1 (Official Form 1) (4/10)

# UNITED STATES BANKRUPTCY COURT
## District of Delaware

**VOLUNTARY PETITION**

| Name of Debtor (if individual, enter Last, First, Middle):<br>JAVO BEVERAGE COMPANY, INC. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names):<br>La Jolla Fresh Squeezed Coffee Co., Inc. | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all):<br>4292 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>1311 Specialty Drive<br>Vista, California<br>ZIP CODE 92081 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>San Diego | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

### Type of Debtor
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☑ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other Manufacturer of coffee and tea-based dispensed beverages and related products.

**Tax-Exempt Entity**
(Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Nature of Debts
(Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

### Filing Fee (Check one box.)

- ☑ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors

**Check one box:**
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).

**Check all applicable boxes:**
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): **JAVO BEVERAGE COMPANY, INC.** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: None | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: None | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☑ Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> X _____ <br> Signature of Attorney for Debtor(s)    (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>JAVO BEVERAGE COMPANY, INC. |
|---|---|

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney***<br><br>X */s/ Robert J. Dehney*<br>Signature of Attorney for Debtor(s)<br>Robert J. Dehney, (DE No. 3578)<br>Printed Name of Attorney for Debtor(s)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Firm Name<br>1201 North Market Street, 18th Floor<br>P.O. Box 13<br>Wilmington, DE 19899-1347<br>Address<br>(302) 658-9200<br>Telephone Number<br>January 24, 2011<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X */s/ Richard A. Gartrell*<br>Signature of Authorized Individual<br>Richard A. Gartrell<br>Printed Name of Authorized Individual<br>Chief Financial Officer<br>Title of Authorized Individual<br>January 24, 2011<br>Date | _____<br>Address<br><br>X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

B 1A (Official Form 1, Exhibit A) (9/97)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re  JAVO BEVERAGE COMPANY, INC.     ,     )   Case No. _____
              Debtor                         )
                                             )
                                             )
                                             )   Chapter 11

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  0-26897  .

2. The following financial data is the latest available information and refers to the debtor's condition on November 30, 2010 .

   a. Total assets                                               $    14,659,681.00
   b. Total debts (including debts listed in 2.c., below)        $    26,705,755.00

   c. Debt securities held by more than 500 holders:                         Approximate number of holders:

   | | | | | | |
   |---|---|---|---|---|---|
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0 | 0 |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0 | 0 |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0 | 0 |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0 | 0 |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0 | 0 |

   d. Number of shares of preferred stock                                          2,599,020
   e. Number of shares common stock                                              302,771,126

   Comments, if any:  _____

3. Brief description of debtor's business:
   Manufacturer of coffee and tea-based dispensed beverages and other related products.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: _____
   CeDe & Co.; Coffee Holdings, LLC; and William C. Baker, Deceased.

# JAVO BEVERAGE COMPANY, INC.

I, William Marshall, Secretary of Javo Beverage Company, Inc., a Delaware corporation (the "Corporation"), DO HEREBY CERTIFY that the resolutions hereto attached as Exhibit A were duly adopted by the Board of Directors of the Corporation at a special meeting held on this date, and are now in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand as of this 23rd day of January, 2011.

*/s/ William Marshall*
William Marshall

# RESOLUTIONS OF THE BOARD OF
# DIRECTORS OF JAVO BEVERAGE COMPANY, INC.

WHEREAS, the special meeting was called in accordance with the bylaws of the Corporation, any notice requirements thereof being satisfied or deemed waived;

WHEREAS, the Board of the Directors reviewed the materials presented by the management and the advisors of the Corporation regarding the liabilities and liquidity situation of the Corporation, the strategic alternatives available to it and the impact of the foregoing on the Corporation's business and members;

WHEREAS, the Board of Directors has had the opportunity to consult with the management and the advisors of the Corporation and fully consider each of the strategic alternatives available to the Corporation;

I. **Voluntary Petition Under the Provisions of Chapter 11 of the United States Bankruptcy Code**

RESOLVED, that in the judgment of the Board of Directors of the Corporation, it is desirable and in the best interests of the Corporation, its creditors and other parties in interest that the Corporation file or cause to be filed a voluntary petition for relief under the provisions of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"); and

RESOLVED, that the Corporation's Chief Executive Officer, Chief Financial Officer, and Secretary and General Counsel (collectively, the "Authorized Officers"), acting alone or in concert with the other Authorized Officer, be, and they hereby are, authorized and empowered to execute and file on behalf of the Corporation all petitions, schedules, lists, motions, applications, pleadings and other papers or documents as necessary to commence the case and obtain Chapter 11 relief under the Bankruptcy Code, including, but not limited to, motions to obtain the use of cash collateral and provide adequate protection therefor and to obtain debtor in possession financing (as provided for below), and to take any and all further acts and deeds that they deem necessary, proper and desirable in connection with the Chapter 11 case, with a view to the successful prosecution of such case; and

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP as general bankruptcy counsel to represent and assist the Corporation in carrying out its duties under the Bankruptcy

Code, and to take any and all actions to advance the Corporation's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and cause to be filed an appropriate application for authority to retain the services of Allen Matkins Leck Gamble Mallory & Natsis LLP; and

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Morris, Nichols, Arsht & Tunnell LLP as co-counsel to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and cause to be filed an appropriate application for authority to retain the services of Morris, Nichols, Arsht & Tunnell; and

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Goodwin Procter, LLP as special counsel to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and cause to be filed an appropriate application for authority to retain the services of Goodwin Procter, LLP; and

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Valcor Consulting LLC as financial advisor to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and cause to be filed an appropriate application for authority to retain the services of Valcor Consulting LLC; and

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Kurtzman Carson Consultants as noticing, claims and balloting agent to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and cause to be fled an appropriate application for authority to retain the services of Kurtzman Carson Consultants; and

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Corporation in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

II. **Debtor in Possession Financing**

RESOLVED, that the terms and provisions of the DIP Facility Term Sheet with Coffee Holdings LLC ("Holdings") and the DIP Factor Facility Term Sheet with Accord Financial, Inc. ("Accord," with Holdings, the "DIP Lenders") (each as modified or supplemented prior to the date hereof) (collectively, the "DIP Term Sheets" and together with each other document, instrument or agreement executed by the Corporation in connection therewith the "DIP Loan Documents"), with, in substantially the form submitted to the Board of Directors, be, and the same hereby are in all respects approved, and that any Authorized Officer or other officer of the Corporation is hereby authorized and empowered, in the name of and on behalf of the Corporation, to execute and deliver each of the DIP Loan Documents to which the Corporation is a party, each in the form or substantially in the form thereof submitted to the Board of Directors of the Corporation, with such changes, additions and modifications thereto as the officer of the Corporation executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and

RESOLVED, that the Corporation, as debtor and debtor in possession under the Bankruptcy Code shall be, and hereby is, authorized to: incur the indebtedness under the DIP Loan Documents and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions"); and

RESOLVED, that the Authorized Officers of the Corporation be, and each of them, acting alone, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Corporation to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Corporation or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Loan Documents (including, without limitation, any amendments, supplements or modifications to the DIP Loan Documents and such other documents, agreements (including, without limitation, security agreements, mortgages and guarantees), certificates, writings and instruments to be delivered in connection therewith), and to

grant the security interests in or liens on any real or personal property of the Corporation now or hereafter acquired as contemplated by the DIP Loan Documents, with full authority to endorse, assign or guarantee any of the foregoing in the name of the Corporation, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and his or her execution and delivery thereof to be conclusive evidence that he or she deems is necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, the Corporation, as debtor and debtor in possession, to take such actions and execute and deliver (a) the DIP Loan Documents and such agreements (including, without limitation, security agreements, mortgages and guarantees), certificates, instruments, notices and any and all other documents as the Authorized Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"); (b) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by Holdings or Accord; and (c) such forms of deposit and securities account control agreements, officer's certificates and compliance certificates as may be required by the DIP Loan Documents or any other Financing Document; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Corporation's obligations under or in connection with the DIP Loan Documents or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Loan Documents or any of the Financing Documents which shall in their sole judgment be necessary, proper or advisable; and

RESOLVED, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Loan Documents and any of the other Financing Documents be, and hereby are, in all respects confirmed, approved and ratified; and

**III.**    **The Proposed Restructuring**

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Corporation, its creditors, stockholders, and other parties in interest, that the Corporation enter into the Plan Commitment Letter Agreement dated January 23, 2011 with Holdings under which the Company will seek to reorganize through a plan of reorganization on the principal terms and conditions set forth in the Proposed Restructuring Transaction Term Sheet ("Restructuring Term Sheet" and together with the plan of reorganization and each other document, instrument or agreement executed by the Corporation in connection therewith, the "Restructuring Documents") in substantially the form submitted to the Board of Directors; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Plan Agreement and the Restructuring Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Corporation's obligations under or in connection with the Plan Agreement or any of the Restructuring Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Plan Agreement or any of the Restructuring Documents which shall in their sole judgment be necessary, proper or advisable; and

RESOLVED, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the Plan Agreement and any of the Restructuring Documents be, and hereby are, in all respects confirmed, approved and ratified; and

**IV.**    **Further Actions and Prior Actions**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers of the Corporation or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Corporation, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment

shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein; and

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified; and

V.  **Approval of Javo Dispenser LLC Settlement Agreement**

RESOLVED, that the form, terms and provisions of the settlement agreement with Javo Dispenser LLC (as amended, modified, restated or supplemented prior to the date hereof) in substantially the form submitted to the Board of Directors (the "Dispenser Settlement Agreement"), be, and the same hereby is in all respects approved, and that any Authorized Officer or other officer of the Corporation is hereby authorized and empowered, in the name of and on behalf of the Corporation, to execute and deliver the Dispenser Settlement Agreement in the form or substantially in the form thereof submitted to the Board of Directors of the Corporation, with such changes, additions and modifications thereto as the officer of the Corporation executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| In re: | : | Chapter 11 |
|---|---|---|
| JAVO BEVERAGE COMPANY, INC., | : | Case No. _____ |
| Debtor.[1] | : | |

## LIST OF CREDITORS HOLDING 25 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 25 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 25 largest unsecured claims.

| (1)<br>Name of Creditor & complete mailing address including zip code | (2)<br>Telephone number & complete mailing address including zip code, of employee, agent, or dept of creditor familiar with claim who may be contacted | (3)<br>Nature of claim(trade debt, bank loan,etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5)<br>Amount of claim |
|---|---|---|---|---|
| Janice H. Baker<br>3 Lochmar Lane<br>Newport Beach, CA 92660 | Phone: (949) 760-8125<br>Fax: (949) 644-1608<br>Attn: Janice Baker | Note | | 2,080,000 |
| Marc Javo II LLC<br>55 East Jackson Boulevard, 5th Floor<br>Chicago, IL 60604 | Phone: (630) 865-8705<br>Fax: (765-296-2429) | Note | | 1,040,000 |
| Marc Javo III LLC<br>55 East Jackson Boulevard, 5th Floor<br>Chicago, IL 60604 | Phone: (630) 865-8705<br>Fax: (765-296-2429) | Note | | 624,000 |
| Jaffy Living Trust Dtd 9-1983<br>30 Burning Tree Road<br>Newport Beach, CA 92660 | Phone: (949) 759-3045<br>Attn: Allen Jaffy | Note | | 520,000 |
| ML Asset Management Inc.<br>3535 E. Coast Highway #224<br>Corona Del Mar, CA 92625 | Phone: (949) 246-3949 | Note | | 520,000 |
| Roger L. Levander<br>1452 Foxtrotter Road<br>Norco, CA 92860 | Phone: (951) 479-5255<br>Fax: (951) 479-5526<br>Attn: Roger L. Levander | Note | | 520,000 |
| The Robertson Family Trust<br>    UDT 12/3/71<br>1221 W. Coast Highway, Apt. 510<br>Newport Beach, CA 92663 | Phone: (949) 646-4627<br>Attn: Don & Mary Robertson | Note | | 416,000 |

---

[1] The last four digits of the Debtor's federal tax identification number are 4292. The Debtor's mailing address and corporate headquarters is 1311 Specialty Drive, Vista, California 92081.

| (1)<br>Name of Creditor & complete mailing address including zip code | (2)<br>Telephone number & complete mailing address including zip code, of employee, agent, or dept of creditor familiar with claim who may be contacted | (3)<br>Nature of claim(trade debt, bank loan,etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5)<br>Amount of claim |
|---|---|---|---|---|
| Curci Investments LLC<br>717 Lido Park Drive<br>Newport Beach, CA 92663 | Phone: (949) 673-1060<br>Fax: (949) 673-2080 | Note | | 416,000 |
| Mostero Family Rev Trust Dtd 12/19/97<br>505 Chiswick Road<br>Palos Verdes, CA 90274 | Phone: (310) 375-2468<br>Attn: Ronald & Teri Mostero | Note | | 312,000 |
| Marc Javo LLC<br>55 East Jackson Blvd, 5th Floor<br>Chicago, IL 60604 | Phone: (630) 865-8705<br>Fax: (765) 296-2429 | Note | | 312,000 |
| T & J Rielly Revocable Trust<br>160 Newport Center Drive, Suite 240<br>Newport Beach, CA 92660 | Phone: (949) 719-4975<br>Fax: (949) 719-4976<br>Attn: Thomas Rielly | Note | | 312,000 |
| The Cruse Trust Dtd 05/07/99<br>37 Burning Tree Road<br>Newport Beach, CA 92660 | Phone: (949) 717-7570<br>Fax: (949) 215-9326<br>Attn: Steven & Sissi Cruse | Note | | 261,685 |
| Serengeti Trading Company<br>19100 Hamilton Pool Road<br>Dripping Springs, TX 78620 | Phone: (512) 358-9595<br>Fax: (512) 358-9596 | Trade | Disputed | 251,082 |
| The Peter N. Delanoy and Maxine Delanoy Living Trust<br>70-200 Thunderbird Mesa Road<br>Rancho Mirage, CA 92270 | Phone: (760) 328-1520<br>Fax: (760) 328-4112<br>Attn: Peter Delanoy | Note | | 208,000 |
| Richard J. Kofoed<br>5 Rue Biarritz<br>Newport Beach, CA 92660 | Phone: (949) 275-5090<br>Fax: (949) 760-0632 | Note | | 208,000 |
| RRA Investment Group LLC<br>22 Columbia Avenue<br>Bergenfield, NJ 07621 | Phone: (310) 557-1766<br>Fax: (201) 385-9203 | Note | | 208,000 |
| Steven C. & Jennifer I. Walton<br>729 Calle Loredo<br>Thousand Oaks, CA 91360 | Phone: (805) 480-1007 | Note | | 208,000 |
| Maggard Investments LLC<br>10370 Helmet Street, Suite 240<br>Riverside, CA 92503 | Phone: (951) 343-1010<br>Fax: (951) 343-1090 | Note | | 208,000 |
| Foodbuy, LLC<br>3954 Collection Center Drive<br>Chicago, IL 60693 | Phone: (704) 328-1149<br>Fax: (704) 295-5047 | Trade | | 145,179 |
| Mitsui Foods<br>PO Box 7247-6455<br>Philadelphia, PA 19170-6455 | Phone (206) 276-7425<br>Fax: (619) 923-0505 | Trade | | 142,719 |
| 7 11<br>One Arts Plaza<br>1722 Routh St., Suite 1000<br>Dallas, TX 75201 | Phone (972) 828-2939<br>Fax: (972) 828-7848 | Trade | | 140,000 |

| (1)<br>*Name of Creditor & complete mailing address including zip code* | (2)<br>*Telephone number & complete mailing address including zip code, of employee, agent, or dept of creditor familiar with claim who may be contacted* | (3)<br>*Nature of claim(trade debt, bank loan,etc.)* | (4)<br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br>*Amount of claim* |
|---|---|---|---|---|
| Niagara International Capital Limited<br>8940 Main Street<br>Clarence, NY 14031 | Phone: (716) 308-0507<br>Fax: (716) 851-5252 | Note | | 129,250 |
| Gregory Sackos<br>1425 Campbell Street<br>Baker City, OR 97814 | Phone: (541) 523-4434<br>Fax: (541) 523-9452 | Note | | 124,850 |
| Speedway Superamerica, LLC<br>PO Box 7600<br>Springfield, OH 45501 | Phone (937) 863-7527<br>Fax: (937) 863.6728 | Trade | | 123,728 |
| Robert E & Paula B Boyer<br>7 Turtle Bay Drive<br>Newport Beach, CA 92660 | Phone: (949) 251-9515<br>Fax: (949) 251-9516 | Note | | 114,800 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| JAVO BEVERAGE COMPANY, INC., | Case No. 11-[        ] (   ) |
| Debtor.[1] | |

## DECLARATION CONCERNING LIST OF CREDITORS
## HOLDING 25 LARGEST UNSECURED CLAIMS

I, Richard A. Gartrell, Chief Financial Officer of Javo Beverage Company, Inc., the corporation named as debtor in this case, declare under penalty of perjury that I have read the List of Creditors Holding 25 Largest Unsecured Claims and that it is true and correct to the best of my information and belief.

Dated: January 24, 2011

_____
Richard A. Gartrell
Chief Financial Officer
Javo Beverage Company, Inc.

4052483

---

[1] The last four digits of the Debtor's federal tax identification number are 4292. The Debtor's mailing address and corporate headquarters is 1311 Specialty Drive, Vista, California 92081.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| JAVO BEVERAGE COMPANY, INC., | Case No. 11-[          ] ( ) |
| Debtor.[1] | |

## LIST OF CREDITORS

The above-captioned debtor and debtor in possession filed contemporaneously with the petition a list of creditors (the "Creditor Matrix"). Due to its voluminous nature, the Creditor Matrix is being submitted to the Court electronically.

---

[1] The last four digits of the Debtor's federal tax identification number are 4292. The Debtor's mailing address and corporate headquarters is 1311 Specialty Drive, Vista, California 92081.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re : Chapter 11
:
JAVO BEVERAGE COMPANY, INC., : Case No. 11-[      ] ( )
:
Debtor.[1] :
:

**DECLARATION CONCERNING LIST OF CREDITORS**

I, Richard A. Gartrell, Chief Financial Officer of Javo Beverage Company, Inc., the corporation named as debtor in this case, declare under penalty of perjury that I have reviewed the foregoing Creditor Matrix for Javo Company, Inc. and that it is true and correct to the best of my information and belief.

Dated: January 24, 2011

_____
Richard A. Gartrell
Chief Financial Officer
Javo Beverage Company, Inc.

4052490

---

[1] The last four digits of the Debtor's federal tax identification number are 4292. The Debtor's mailing address and corporate headquarters is 1311 Specialty Drive, Vista, California 92081.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                              : Chapter 11
                                                    :
JAVO BEVERAGE COMPANY, INC.,                        : Case No.
                                                    :
              Debtor.[1]                            :
                                                    :

## CORPORATE OWNERSHIP STATEMENT (RULE 1007(a)(1))

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, the Debtor hereby certifies that the following entities, corporations and individuals directly or indirectly own 10% or more of any class of Debtor's equity interests:

| Name of Equity Interest Holder | Last Known Address of Equity Interest Holder | Equity Interest Held |
|---|---|---|
| Cede & Co. | PO Box 222<br>New York, NY 10274 | 147,084,141 |
| Coffee Holdings LLC | 450 Park Avenue, 3rd Floor<br>New York, NY 10022 | 69,649,975 |

---

[1] The last four digits of the Debtor's federal tax identification number is 4292. The Debtor's mailing address and corporate headquarters is 1311 Specialty Drive, Vista, California 92081.

759584.01/SD

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JAVO BEVERAGE COMPANY, INC., | Case No. |
| Debtor. | |

## DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT

I, Richard A. Gartrell, the undersigned authorized officer of Javo Beverage Company, Inc., named as the Debtor in this case, declare under penalty of perjury that I have reviewed the Corporate Ownership Statement of Javo Beverage Company, Inc., submitted herewith and that it is true and correct to the best of my information belief.

Dated: January 24, 2011

_____
Richard A. Gartrell
Chief Financial Officer