## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 11-10212 (BLS) |
| JAVO BEVERAGE COMPANY, INC., | **Hearing Date:** |
| | **March 16, 2011 at 10:00 a.m. (ET)** |
| Debtor.[1] | **Objection Deadline:** |
| | **March 9, 2011 at 4:00 p.m. (ET)** |

**MOTION OF THE DEBTOR FOR THE ENTRY OF AN ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT CHAPTER 11 PLAN OF REORGANIZATION, (III) ESTABLISHING VOTING RECORD DATE, (IV) SCHEDULING A HEARING ON CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION, (V) APPROVING THE FORM OF BALLOTS AND SOLICITATION MATERIALS, (VI) APPROVING RELATED NOTICE PROCEDURES, (VII) APPROVING THE BALLOTING AGENT, (VIII) APPROVING CURE PROCEDURES AND (IX) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor in possession (the "Debtor"), by and through its undersigned counsel, hereby moves (the "Motion"), pursuant to section 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2002(b), 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for the entry of an order: (i) approving the Disclosure Statement (as defined below), (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan (as defined below), (iii) establishing voting record date, (iv) scheduling a hearing on confirmation of the Plan, (v) approving the form of ballots and solicitation materials, (vi) approving related

---

[1] The last four digits of the Debtor's federal tax identification number are 4292. The Debtor's mailing address and corporate headquarters is 1311 Specialty Drive, Vista, California 92081.

notice procedures, (vii) approving the balloting agent, (viii) approving cure procedures, and (ix) granting related relief. In support of the Motion, the Debtor respectfully represents as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     The statutory bases for the relief requested herein are sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002(b), 3016(b), 3017, 3018, and 3020, and Local Rule 3017-1.

## BACKGROUND

3.     The Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code on January 24, 2011 (the "Petition Date"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its affairs as debtor in possession. As of the date hereof, no trustee or examiner has been appointed in this chapter 11 case. On February 4, 2011, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors in this case (the "Committee").

4.     A description of the Debtor's business, capital structure, and the circumstances leading to this chapter 11 case is contained in the *Declaration of Richard A. Gartrell in Support of the Debtor's Chapter 11 Petitions and First Day Pleadings* (D.I. 2) (the "Gartrell Declaration"), filed on the Petition Date and incorporated herein by reference.

5.     On January 27, 2011, the Debtor filed the *Debtor's Motion for an Order (I) Establishing Bar Dates for Filing Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices and Mailing and Publication Procedures, (III) Implementing Uniform Procedures*

*Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (D.I. 47), pursuant

to which the Debtor has requested that the Court, among other things, establish a general bar date

of March 18, 2011, by which all creditors must file proofs of claim in this chapter 11 case (the

"General Bar Date").

**RELIEF REQUESTED**

6.      The Debtor submits this Motion in connection with its proposed

disclosure statement, dated February 9, 2011 (as the same may be amended or modified, the

"Disclosure Statement") relating to the Plan of Reorganization of Javo Beverage Company, Inc.,

dated February 9, 2011 (as the same may be amended or modified, the "Plan").[2]  As set forth

herein, the Debtor seeks the entry of an order, substantially in the form attached hereto as **Exhibit**

**A** (the "Disclosure Statement Order"), granting the following relief:

(a)    Approving the Disclosure Statement as containing "adequate information" with respect to the Plan and authorizing the Debtor to solicit acceptances or rejections of the Plan from the parties entitled to vote thereon in the manner set forth in this Motion;

(b)    Establishing procedures for solicitation and tabulation of votes to accept or reject the Plan;

(c)    Setting a record date for determining the creditors and holders of securities who may vote on the Plan;

(d)    Scheduling a hearing (the "Confirmation Hearing") to consider Plan confirmation pursuant to section 1129 of the Bankruptcy Code and approving the form and manner of notice related thereto;

(e)    Fixing the time and manner for filing objections to Plan confirmation;

(f)    Designating Kurtzman Carson Consultants LLC ("KCC") as the Debtor's balloting agent with authority to mail and tabulate ballots for purposes of

---

[2]    Capitalized terms not defined herein are defined in the Plan.

voting on the Plan and provide related services in connection with voting on the Plan (the "Balloting Agent");[3]

(g)    Approving cure procedures; and

(h)    Granting such other and further relief as the Court may deem just and proper.

7.    Consistent with the foregoing, and as described in more detail below, the Debtor proposes the following key dates in connection with solicitation and approval of the Plan:

| Proposed Plan Confirmation Timetable | |
| --- | --- |
| Disclosure Statement Approval Hearing | March 16, 2011 at 10:00 a.m. (ET) |
| Record Date for Voting | March 18, 2011 |
| Commencement of Solicitation / Mailing of Confirmation Hearing Notice | No later than March 24, 2011 |
| Deadline to file Rule 3018 Motion | April 11, 2011 |
| Confirmation Objection Deadline | April 21, 2011 at 4:00 p.m. (ET) |
| Cure and Contract Objection Deadline | April 21, 2011 at 4:00 p.m. (ET) |
| Voting Deadline | April 21, 2011 at 5:00 p.m. (PT) |
| Confirmation Hearing | April 28, 2011 at 11:00 a.m. (ET) |

## BASIS FOR RELIEF

### ADEQUACY OF DISCLOSURE STATEMENT

8.    Section 1125 of the Bankruptcy Code requires that a disclosure statement be approved by the court as containing "adequate information" prior to a debtor's

---

[3]    On January 25, 2011, the Court entered an order (D.I. 23) approving the retention of KCC as claims, noticing, and balloting agent to the Debtor.

solicitation of acceptances or rejections of a reorganization plan. 11 U.S.C. § 1125(b).

"Adequate information" is defined in the Bankruptcy Code as:

> [I]nformation of a kind, and in sufficient detail, as far as is
> reasonably practicable in light of the nature and history of the
> debtor and the condition of the debtor's books and records,
> including a discussion of the potential material Federal tax
> consequences of the plan to the debtor, any successor to the debtor,
> and a hypothetical investor typical of the holders of claims or
> interests in the case, that would enable such a hypothetical investor
> of the relevant case to make an informed judgment about the plan,
> but adequate information need not include such information about
> any other possible or proposed plan and in determining whether a
> disclosure statement provides adequate information, the court shall
> consider the complexity of the case, the benefit of additional
> information to creditors and other parties in interest, and the cost of
> providing additional information.

11 U.S.C. § 1125(a). A debtor's disclosure statement therefore must, as a whole, provide information that is reasonably practicable to permit an informed judgment by impaired creditors entitled to vote on the plan. See Krysta Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 322 (3d Cir. 2003). The bottom-line requirement of a disclosure statement is that it "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.M. 1991).

9.      In evaluating whether a disclosure statement provides "adequate information," courts adhere to section 1125's instruction that making this determination is a flexible exercise based on the facts and circumstances of each case and is within the broad discretion of the Court. See 11 U.S.C. § 1125(a)(1) ("[A]dequate information means information of a kind, and in sufficient detail, as far as is reasonably practicable *in light of the nature and history of the debtor and the condition of the debtor's books and records* . . . ."(emphasis added)); see also Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 417 (3d Cir.

1988) (stating that "[f]rom the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case"); First Am. Bank of N.Y. v. Century Glove, Inc., 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case.").

10.     Courts in the Third Circuit and elsewhere acknowledge that determining what constitutes "adequate information" for the purpose of section 1125 lies within the Court's sound discretion.  See, e.g., In re River Village Assocs., 181 B.R. 795, 804 (E.D. Pa. 1995); see also Texas Extrusion Corp v. Lockheed Corp. (In re Texax Extrusion Corp.), 844 F.2d 1142, 1157 (5th Cir. 1988).

11.     In accordance with these precepts, the Disclosure Statement provides a review of the Debtor's assets and liabilities, the circumstances leading to the commencement of these chapter 11 cases, and a thorough summary of the Plan.

12.     Specifically, the Debtor's Disclosure Statement contains the pertinent information necessary for holders of eligible claims to make an informed decision about whether to vote to accept or reject the Plan, including, among other things, information regarding:

- the Plan, including a summary of the classification and treatment of all classes of creditors and equity interests;

- the history of the Debtor, including certain events leading to the commencement of this chapter 11 case;

- the operation of the Debtor's business and significant events preceding this chapter 11 case;

- the Debtor's prepetition capital structure and indebtedness;

- the procedures for asserting certain claims against the Debtor's estate;

- certain risk factors to consider that may affect the Plan;

- certain federal income tax law consequences of the Plan;

- the provisions governing distributions under the Plan; and

- the means for implementation of the Plan.

13. The Debtor respectfully submits that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code. To the extent necessary, the Debtor will demonstrate at the hearing on approval of the Disclosure Statement that the Disclosure Statement addresses the information set forth above in a manner that provides those entities entitled to vote on the Plan with adequate information within the meaning of section 1125.

## SOLICITATION PROCEDURES

**I.**     **Procedures for Solicitation and Tabulation of Votes**

**A.**     **Approval of Forms of Ballots**

14. In accordance with Bankruptcy Rules 3017(d) and 3018(c), the Debtor proposes to mail to the holders of claims (the "Claimholders") entitled to vote on the Plan one or more form ballots substantially in the forms annexed hereto collectively as **Exhibit B** and incorporated herein by reference (collectively, the "Ballots"), and the voting instructions attached hereto as **Exhibit C** (the "Voting Instructions"). The Ballots are substantially similar to Official Form No. 14, but have been modified to be consistent with the specific provisions of the Plan. The Ballots shall be delivered with the Voting Instructions for completion. The Debtor proposes that the appropriate form of Ballot be distributed to the Claimholders in the following classes entitled to vote to accept or reject the Plan (the "Voting Classes"):

| Ballot No. 1 | Class 2 Ballot | Prepetition Factor Secured Claims |
| Ballot No. 2 | Class 3 Ballot | Bunn-O-Matic Secured Claims |
| Ballot No. 3 | Class 6 Ballot | General Unsecured Claims |
| Ballot No. 4 | Class 7 Ballot | Senior Note Claims |
| Ballot No. 5 | Class 8 Ballot | Subordinated Notes Claims |

15. Each Ballot shall also contain an option for the Claimholder to elect to opt out of granting the Third Party Releases in the Plan. The Class 8 Ballot also contains an optional election for holders of Class 8 – Subordinated Notes Claims to elect, pursuant to section 4.8 of the Plan, to receive the Note Cash Payment in lieu of New Common Stock in the Reorganized Debtor. Holders of Class 8 – Subordinated Notes Claims who make such Note Cash Payment election shall not be entitled to opt out of the Third Party Releases in the Plan.

16. The foregoing Voting Classes are the only classes that will receive Ballots because they are the only classes of claims or interests that will be entitled to vote under the Plan. The remaining classes of claims and interests set forth below (the "Non-Voting Classes," and together with the Voting Classes, the "Classes") are not entitled to vote on the Plan because they have been conclusively presumed to have either accepted the Plan in accordance with section 1126(f) or rejected the Plan in accordance with section 1126(g) of the Bankruptcy Code, as indicated:

| Class 1 | Other Priority Claims | Deemed Accepting – Unimpaired |
| Class 4 | Other Secured Claims | Deemed Accepting – Unimpaired |
| Class 5 | Convenience Class Claims | Deemed Accepting – Unimpaired |

| Class 9 | *Old Preferred Stock* | *Deemed Rejecting – Will not receive or retain any property* |
| Class 10 | *Old Common Stock* | *Deemed Rejecting – Will not receive or retain any property* |
| Class 11 | *Old Warrants and Options* | *Deemed Rejecting – Will not receive or retain any property* |

17.     In accordance with Bankruptcy Rule 3017(d), the Debtor proposes that the Non-Voting Classes of claims and interests <u>not</u> entitled to vote on the Plan receive a notice to that effect, substantially in the form of **Exhibit D** attached hereto and incorporated herein by reference (the "Non-Voting Notice"), and not receive a Solicitation Package (as defined herein). Nevertheless, a copy of the Plan and Disclosure Statement will be made available to holders of claims and interests in the Non-Voting Classes upon written request to the Debtor's proposed counsel or the Balloting Agent, and at the website maintained for this case by the Balloting Agent.

18.     The Debtor respectfully submits that the proposed Ballots are appropriately tailored to the Plan and comply with Bankruptcy Rules 3017 and 3018. Accordingly, by this Motion, the Debtor requests that the Court approve the proposed Ballots, attached hereto as **Exhibit B**.

### B.     <u>Voting Deadline for the Receipt of Ballots</u>

19.     Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan." The Debtor anticipates commencing the Plan solicitation period by mailing the Ballots and other approved solicitation materials to the Voting Classes no later than six (6) business days after the entry of an order approving the Disclosure Statement. Based on this schedule, the Debtor proposes that all Ballots being cast must be properly executed,

completed and delivered, by either mail, overnight courier, or personal delivery, to the Balloting

Agent, so that the Ballots are <u>actually</u> <u>received</u> no later than 5:00 p.m., prevailing Pacific time,

on April 21, 2011 (the "<u>Voting Deadline</u>"). This date will give Claimholders sufficient time to

review the solicitation materials and vote, and provides the Debtor with enough time to tabulate

the Ballots and prepare for issues that may be raised by the voted Ballots prior to the

Confirmation Hearing. Ballots received by facsimile or electronic mail will not be accepted or

counted.

### C.  Procedures for Tabulating Votes

20.     Section 1126(c) of the Bankruptcy Code provides that a class of claims

has accepted a plan if such plan has been accepted by creditors that hold at least two-thirds in

dollar amount and more than one-half in number of the allowed claims in that class that have

actually cast ballots for acceptance or rejection of the plan. <u>See</u> 11 U.S.C. § 1126(c). At this

stage of this chapter 11 case, and due to the expeditious nature of these proceedings, the claims

reconciliation process has yet to occur. And it would not be to the estate's advantage to defer

confirmation of the Plan until such process has been initiated and completed. Accordingly,

solely for the purpose of voting on the Plan—and not for the purpose of allowance of, or

distributions on account of, any claims; and without prejudice to the Debtor's rights in any other

context—the Debtor proposes that each claim within a Voting Class entitled to vote to accept or

reject the Plan be temporarily allowed, in accordance with the following rules (the "<u>Tabulation</u>

<u>Rules</u>"):

     (a)    If a claim is scheduled on the Debtor's Schedules of Assets and Liabilities (the "<u>Schedules</u>") in an amount greater than $0.00 and not listed as "disputed," "contingent," or "unliquidated" in the Schedules, such claim will be temporarily allowed for voting purposes in the amount set forth in the Schedules.

(b)     If a proof of claim has been filed on account of such claim before the Record Date (as defined below), such claim will be temporarily allowed for voting purposes in the noncontingent, liquidated, and undisputed amount set forth in the proof of claim.

(c)     If a claim is deemed allowed under the Plan, such claim will be temporarily allowed for voting purposes in the amount set forth therein.

(d)     If a claim is listed on the Schedules, or a proof of claim filed before the Record Date, is identified on its face as contingent, unliquidated, or disputed, either in whole or in part, only the noncontingent, liquidated, and undisputed portion, if any, of such claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Rules, and the remaining portion of such claim will be disallowed for voting purposes.

(e)     If a claim has been allowed pursuant to a stipulation approved by the Court, such claim will be deemed allowed for voting purposes in the amount set forth in such stipulation.

(f)     If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court.

(g)     If on or before the Voting Deadline the Debtor has filed and served an objection to or motion to disallow or reclassify a claim, or to allow or estimate the claim in an amount different from the amount asserted in the claim, then such claim will be temporarily allowed for voting purposes in the lesser amount and classification requested by such objection or motion.

(h)     If a holder of a claim identifies a claim amount in its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

(i)     Creditors will not be entitled to vote claims to the extent such claims duplicate or have been superseded by other claims filed by or on behalf of such creditors. The Balloting Agent will determine whether a claim is duplicative or superseded in the Balloting Agent's discretion.

(j)     A party shall not be entitled to a vote on the Plan based upon a guarantee or other theory of payment. There shall be allowed only one vote per claim.

21.     The foregoing Tabulation Rules are subject to further order of the Court to the extent that a party moves for temporary allowance of its claims or interests in an amount

different from the amount that otherwise would apply to such claim or interest under the Tabulation Rules.

22. The Debtor also proposes the following additional procedures be utilized in tabulating the Ballots (the "Tabulation Procedures"):

(a) Except to the extent the Debtor otherwise determines, or as permitted by the Court, any Ballots received after the Voting Deadline will not be accepted or counted by the Debtor in connection with the Debtor's request for confirmation of the Plan.

(b) Any Ballot which is otherwise properly completed, executed, and timely returned that does not indicate an acceptance or rejection of the Plan shall be deemed to be a vote to accept the Plan, and unless otherwise elected on the Ballot, an acceptance of the releases contained within the Plan and the default treatment of such claim as set out on the Ballot.

(c) Any Ballot that is returned indicating acceptance or rejection of the Plan but which is unsigned shall not be counted.

(d) Whenever a Claimholder casts more than one Ballot voting the same claim or interest prior to the Voting Deadline, only the last Ballot timely received will be deemed to reflect the voter's intent and will thus supersede any prior Ballots.

(e) If a Claimholder casts simultaneous duplicative Ballots which are voted inconsistently, those Ballots shall count as one vote accepting the Plan and the releases contained therein.

(f) Each Claimholder shall be deemed to have voted the full amount of its claim or interest as set forth on the Ballot.

(g) Claimholders shall not split their vote within a claim; thus, each Claimholder shall vote all of its claim within a particular class either to accept or reject the Plan.

(h) Ballots partially rejecting and partially accepting the Plan shall not be counted.

(i) The method of delivery of Ballots to the Balloting Agent is at the risk of each Claimholder, and such delivery will be deemed made only when the original Ballot is actually received by the Balloting Agent.

(j) No Ballot should be sent to the Debtor, agents of the Debtor (other than the Balloting Agent), or the Debtor's financial or legal advisors.

(k)     The Debtor expressly reserves the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtor makes material changes in the terms of the Plan, the Debtor will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.

(l)     If a Ballot is signed by a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a Claimholder, such person shall be required to indicate such capacity when signing and, at the Balloting Agent's discretion, must submit proper evidence satisfactory to the Balloting Agent to so act on behalf of the Claimholder.

(m)     The Debtor, in its sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtor may, in its sole discretion, reject such Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan.

(n)     In the event a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise.

(o)     Any Claimholder who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

(p)     Subject to any contrary order of the Court, the Debtor reserves the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtor or its counsel, not be in accordance with the provisions of the Bankruptcy Code or the Disclosure Statement Order.

(q)     Subject to any contrary order of the Court, the Debtor further reserves the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot unless otherwise directed by the Court.

(r)     Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtor (or the Court) determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

(s)     Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide

such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have theretofore not been cured or waived) will not be counted.

(t)     Any Ballot received by telecopier, facsimile, e-mail, or other electronic communication shall not be counted.

(u)     For purposes of determining whether the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code have been satisfied, the Balloting Agent will tabulate only those Ballots received prior to the Voting Deadline.

23.     Upon completion of balloting, the Balloting Agent will certify the amount and number of allowed claims of each Voting Class accepting or rejecting the Plan and the amount of allowed interests of each Voting Class accepting or rejecting the plan. The Debtor will file such certifications with the Court prior to the Confirmation Hearing.

24.     The Debtor respectfully submits that the Tabulation Rules and Tabulation Procedures will establish a fair and equitable voting process, particularly given the right of parties to seek temporary allowance of their claims on some other basis, as described in greater detail below. Therefore, the Debtor seeks this Court's approval of such proposed rules.

**D.     Procedures for Temporary Allowance of Claims**

25.     The Debtor proposes that any holder of a claim that seeks to challenge the temporary allowance of its claim for voting purposes based on the Tabulation Rules and Tabulation Procedures be required to file a motion pursuant to Bankruptcy Rule 3018(a)[4] for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") on or before April 11, 2011, pursuant to Local Rule 9006-1(c)(i). The Debtor and other parties in interest will then have until April 21,

---

[3]     Bankruptcy Rule 3018(a) provides, in relevant part, that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purposes of accepting or rejecting a plan."

2011 to file and serve any responses to Rule 3018 Motions. The hearing on any such Rule 3018 Motions shall be held at the same time as the Confirmation Hearing. In accordance with Bankruptcy Rule 3018, the Debtor further proposes that any Ballot submitted by a Claimholder that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Rules and other applicable provisions contained herein unless and until the underlying claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

## II.     **Confirmation Hearing, Record Date, and Solicitation Packages**

### A.     **The Confirmation Hearing and Notice Thereof**

26.     Bankruptcy Rule 3017(c) provides that, on or before the approval of the Disclosure Statement, the Court "may fix the date for the hearing on confirmation." In accordance with this provision, the Debtor requests that the Confirmation Hearing be set for April 28, 2011 at 11:00 a.m., prevailing Eastern time.

27.     In the interests of orderly procedure, the Debtor further requests that objections to confirmation of the Plan, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objections to confirmation of the Plan; and (d) be filed with the Court on or before April 21, 2011 at 4:00 p.m., prevailing Eastern time (the "Confirmation Objection Deadline"); and (e) be served on the following parties so as to be actually received by the Confirmation Objection Deadline: (i) the Debtor, Javo Beverage Company, Inc., 1311 Specialty Drive, Vista, California 92081 (Attn: William E. Marshall); (ii) counsel for the Debtor, Allen Matkins Leck Gamble Mallory & Natsis LLP, 501 West Broadway, 15th Floor, San Diego, California 92101   (Attn: Debra A. Riley), *and* Morris, Nichols, Arsht & Tunnel LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347 (Attn: Robert J. Dehney and Matthew B. Harvey); (iii) the United States Trustee for

the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801; (iv) counsel to the Committee, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Paul N. Heath); (v) counsel to the DIP Lender, Dechert LLP, 1095 Avenue of the Americas, New York, New York 10036, (Attn: Brian E. Greer) *and* Ashby & Geddes, P.A., 500 Delaware Avenue, P.O. Box 1150, Wilmington, Delaware 19899, (Attn: William Bowden); and (vi) counsel to the DIP Factor, Moore & Van Allen PLLC, 40 Calhoun Street, Suite 300, Charleston, South Carolina 29401, (Attn: David Wheeler) *and* The Rosner Law Group LLC, 824 Market Street, Suite 810, Wilmington, Delaware 19801, (Attn: Frederick B. Rosner) (collectively, the "Objection Notice Parties"). The Debtor reserves the right to file a consolidated reply to any such objection.

28.     Bankruptcy Rule 2002(b) requires the Debtor to provide notice to all creditors and parties in interest at least 28 days before the deadline for filing objections to confirmation of the Plan and the Confirmation Hearing. Bankruptcy Rule 2002(d) requires that equity security holders be given notice of these matters in the manner and form directed by the Court. In accordance with these provisions, the Debtor proposes to serve a copy of the notice substantially in the form attached hereto as **Exhibit E** (the "Confirmation Hearing Notice") on: (a) all parties set forth on the creditors matrix maintained by the Debtor's Balloting Agent and supplied to the Clerk of the Bankruptcy Court; (b) all members of the Voting Classes; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney for the District of Delaware; (f) the United States Trustee; (g) the registered holders of the interests, who shall be responsible for service to the beneficial holders, and (h) all parties who have filed a request for notice under Bankruptcy Rule 2002(i). The Confirmation Hearing Notice sets forth the Confirmation Objection Deadline and the time, date, and place of the

Confirmation Hearing, as well as information on where to obtain copies of the Plan, Disclosure Statement, and related materials.

29.     In addition to mailing the Confirmation Hearing Notice, the Debtor proposes to publish a shortened version of the Confirmation Hearing Notice at least once no later than twenty-one (21) days before the Confirmation Objection Deadline in the National Edition of *The Wall Street Journal*.

**B.     The Record Date**

30.     Bankruptcy Rule 3017(d) provides that the Court may set a record date for determining which creditors and equity security holders are entitled to receive solicitation materials, including ballots for voting on a plan of reorganization.   See Fed. R. Bankr. P. 3017(d).  This date is typically the date the order approving a disclosure statement is entered, but may be any other date established for cause, after notice and a hearing.

31.     The Debtor requests that the Court establish March 18, 2011 as the record date (the "Record Date") for purposes of determining which holders of claims are entitled to receive Solicitation Packages and, as applicable, vote on the Plan.  The requested Record Date is the same date as the General Bar Date, and two days after the date of the hearing on approval of the Disclosure Statement.  Setting the Record Date as the same date as the General Bar Date will ensure that the Debtor is able to solicit the votes of all creditors who timely file proofs of claim in this case.  Further, Claimholders shall have the right to seek relief from the Record Date pursuant to a timely filed Rule 3018 Motion.

32.     With respect to any transferred claim, the Debtor proposes that the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred claim only if: (a) all actions necessary to effect the transfer of payment and interest of the claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date

(including without limitation, the passage of any applicable objection period); or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

### C. The Solicitation Packages

33. Bankruptcy Rule 3017(d) identifies the materials that must be provided to the Claimholders for purposes of soliciting votes and providing adequate notice of the hearing on confirmation of a plan:

> Upon approval of a disclosure statement,–except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders–the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1)    the plan or a court-approved summary of the plan;
>
> (2)    the disclosure statement approved by the court;
>
> (3)    notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with [Bankruptcy] Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

34.     In accordance with Bankruptcy Rule 3017(d), the Debtor proposes that, after entry of the order approving the Disclosure Statement, the following materials be mailed by the Balloting Agent to all Claimholders in the Voting Classes (the "Solicitation Package"):

(a)     the Confirmation Hearing Notice;

(b)     the Disclosure Statement (together with exhibits thereto, including the Plan, that have been filed with the Court as of the date of mailing);

(c)     any applicable letters from the Debtor and any other parties in interest recommending that the Claimholders vote to accept the Plan, which letters shall be filed with the Court prior to the hearing on approval of the Disclosure Statement;

(d)     an appropriate form of Ballot, and a Ballot return envelope; and

(e)     a copy of the Disclosure Statement Order of the Bankruptcy Court approving the Disclosure Statement.

35.     Consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Debtor requests that no Solicitation Packages be mailed to holders of claims and interests in Classes that are conclusively deemed to accept or reject the Plan; namely, the Non-Voting Classes.  However, as previously noted, in accordance with Bankruptcy Rule 3017(d), the Debtor proposes that members of the Non-Voting Classes shall receive the Non-Voting Notice, substantially in the form of **Exhibit D** attached hereto.

36.     The Balloting Agent will mail the Solicitation Packages no later than six (6) business days after the entry of an order approving the Disclosure Statement to: (a) the holders of Claims in the Voting Classes, as applicable; (b) all parties that have filed requests for notice in the chapter 11 cases on or before the Record Date; and (c) the United States Trustee for the District of Delaware.

37.     The Debtor submits that the foregoing procedures for providing notice of the Confirmation Hearing, the Confirmation Objection Deadline, and related matters fully

comply with Bankruptcy Rules 2002 and 3017 and the time limits set forth therein, and are both fair to holders of claims and interests and other parties in interest and calculated to result in votes and objections that will be known in sufficient time to permit an organized and efficient Confirmation Hearing. Accordingly, the Debtor respectfully requests that the Court approve such notice procedures as appropriate under the circumstances and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

38. Notwithstanding the foregoing notice requirements, the Debtor seeks a waiver from the service requirements with respect to the Confirmation Hearing Notice and Solicitation Package for parties on whom the Disclosure Statement Hearing Notice was served but returned as undeliverable and the Debtor could not locate a current address after reasonable diligence.

39. Finally, the Debtor requests authority to provide portions of the Solicitation Package, including, but not limited to, the Disclosure Statement, Disclosure Statement Order, and Plan, on compact disc ("CD"), provided, however, that the Balloting Agent shall mail paper copies of such materials to any party upon reasonable written request by such party.

**D.    Cure Procedures**

40. The Plan contemplates the assumption of all executory contracts and unexpired leases indentified on a Plan Supplement to be filed prior to confirmation. The Debtor has formulated and requests approval of the following procedures for determining cure amounts through the Confirmation Date (as defined in the Plan) of the Plan (including amounts of compensation for actual pecuniary loss, the "Cure Amounts") and the deadline for objections to the assumption and/or assignment of contracts and/or leases to be assumed and/or assigned in connection with the Plan (collectively, the "Cure Procedures"):

(a)     No later than the deadline set forth in the Plan for the filing of the Plan Supplement, the Debtor shall prepare, file with the Court, and distribute to non-Debtor parties to any executory contracts and unexpired non-residential real property leases anticipated to be assumed pursuant to the Plan (the "<u>Anticipated Assumed Contracts and Leases</u>") a notice (a "<u>Notice of Assignment</u>") listing (i) the Anticipated Assumed Contracts and Leases, and (ii) the Cure Amounts, if any;

(b)     The non-Debtor parties to the Anticipated Assumed Contracts and Leases shall have until April 21, 2011 at 4:00 p.m. (prevailing Eastern time) (the "<u>Contract Objection Deadline</u>"), which deadline may be extended in the sole discretion of the Debtor, to object (a "<u>Contract Objection</u>") to (i) the Cure Amounts listed by the Debtor and to propose alternative cure amounts, and/or (ii) the proposed assumption and assignment of the Anticipated Assumed Contracts and Leases pursuant to the Plan.

(c)     Any party objecting to the Cure Amounts, whether or not such party previously has filed a proof of claim with respect to amounts due under the applicable agreement, or objecting to the potential assumption and assignment of Anticipated Assumed Contracts and Leases, shall be required to file and serve a Contract Objection, in writing, setting forth with specificity any and all cure obligations that the objecting party asserts must be cured or satisfied in respect of the Anticipated Assumed Contracts and Leases and/or any and all objections to the potential assumption and assignment of such agreements, together with all documentation supporting such cure claim or objection, upon the Objection Notice Parties so that the Contract Objection is received no later than **4:00 p.m. (prevailing Eastern time)** on the Contract Objection Deadline or an amended Contract Objection Deadline, as applicable. If a Contract Objection is timely filed, the Bankruptcy Court shall hear any such Contract Objection and determine the amount of any disputed cure amount or objection to assumption and assignment not settled by the parties at the Confirmation Hearing or such later date as the Court may deem appropriate; and

(d)     In the event that no Contract Objection is timely filed, the applicable party shall be deemed to have consented to the Cure Amount proposed by the Debtor and shall be forever enjoined and barred from seeking any additional amount on account of the Debtor's cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtor, its estate, any reorganized debtor (the "<u>Reorganized Debtor</u>"), or any purchaser of the Debtor's or Reorganized Debtor's properties on account of the assumption and assignment of such executory contract or unexpired non-residential real property lease and deemed to have consented to the proposed assignment and assumption. In addition, if no timely Contract Objection is filed, the Reorganized Debtor shall enjoy all of the rights and benefits under all Anticipated Assumed Contracts and Leases, without the

necessity of obtaining any party's written consent to the Debtor's assumption and assignment of such rights and benefits, and each such party shall be deemed to have waived any right to object to, consent to, condition, or otherwise restrict any such assumption and assignment.

## NO PRIOR REQUEST

41.     No prior request for the relief sought herein has been made by the Debtor to this or any other Court.

## NOTICE

42.     No trustee or examiner has been appointed in this chapter 11 case. Copies of this Motion, the Disclosure Statement, the Plan, and a notice of the hearing to approve this Motion and the Disclosure Statement (the "Disclosure Statement Notice") have been served upon the following parties: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to Coffee Holdings LLC, the DIP Lender; (iv) counsel to Accord Financial, Inc., the Debtor's prepetition lender and DIP Factor; (v) the Securities and Exchange Commission; and (vi) all parties filing requests for notice pursuant to Bankruptcy Rule 2002(i) in this chapter 11 case. In addition to serving the Disclosure Statement Notice on the foregoing parties, the Debtor has served the Disclosure Statement Notice on all other persons and entities to whom service is required to be made under Bankruptcy Rule 2002(b) and 3017(a). Under the circumstances, the Debtor submits that no other or further notice is required.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**: (i) approving the Disclosure Statement; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan; (iii) approving the form of Ballots and solicitation materials; (iv) establishing a voting record date; (v) fixing the date, time, and place for the Confirmation Hearing and deadline for filing

objections thereto; (vi) approving the related notice provisions; (vii) approving the Balloting Agent; (viii) approving cure procedures; and (ix) granting such other and further relief that the Court deems just and proper.

Dated: February 9, 2011
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNEL LLP

Robert J. Dehney, (DE No. 3578)
Matthew B. Harvey (DE No. 5186)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE  19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 425-4673
Email: rdehney@mnat.com
       mharvey@mnat.com

-and-

Debra A. Riley (CA No. 151925)
ALLEN MATKINS LECK GAMBLE MALLORY
   & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, CA 92101-3541
Telephone:  (619) 233-1155
Facsimile:  (619) 233-1158
Email: driley@allenmatkins.com

*Proposed Counsel for Debtor and
Debtor in Possession*