# Exhibit C

Voting Instructions

# VOTING INSTRUCTIONS
## FOR PLAN OF REORGANIZATION OF JAVO BEVERAGE COMPANY, INC.

The enclosed Ballot is submitted to you to solicit your vote to accept or reject the Plan of Reorganization of Javo Beverage Company, Inc. (as it may be amended, the "Plan") that is described in the Debtor's Disclosure Statement for Plan of Reorganization of Javo Beverage Company, Inc. (the "Disclosure Statement"), a copy of which is also enclosed. All capitalized terms not defined in these instructions or in the Ballot are defined in the Plan or the Disclosure Statement, as the case may be.

PLEASE READ THESE VOTING INSTRUCTIONS, THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THE BALLOT. YOU SHOULD REVIEW THE PLAN AND DISCLOSURE STATEMENT BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM(S) UNDER THE PLAN. NEITHER THE DEBTOR, THE DEBTOR'S LEGAL COUNSEL, THE BALLOTING AGENT, NOR THE CLERK OF THE BANKRUPTCY COURT CAN GIVE YOU SUCH LEGAL ADVICE.

### Voting and Non-Voting Classes

As set forth in the Plan and Disclosure Statement:

Classes 1, 4, and 5 are unimpaired and therefore are not entitled to vote on the Plan.

Classes 9, 10, and 11 are conclusively deemed to reject the Plan because they will not receive or retain any property under the Plan and therefore are not entitled to vote on the Plan (with classes 1, 5, 6, and 7, the "Non-Voting Classes").

Classes 2, 3, 6, 7 and 8 are impaired and will receive or retain property under the Plan, and, therefore, are entitled to vote on the Plan (collectively, the "Voting Classes").

### Voting Procedures

The Debtor is providing Solicitation Packages containing, among other things, copies of the Plan, Disclosure Statement and Ballots to all record holders of claims entitled to vote in the Voting Classes as of March 18, 2011 (the "Record Date"). Portions of the Solicitation Package may have been provided to you on compact disc ("CD"). If you are unable to access the documents on the CD, you may request print copies of the Solicitation Package from the Balloting Agent, Javo Beverage Co. Claims Processing Center, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Ave., El Segundo, CA 90245, or by calling _____, or by visiting the website maintained for this case at http://www.kccllc.net/JavoBevCo.

If no return envelope for your Ballot has been provided with the Solicitation Package, please send your Ballot to the Balloting Agent at the address above.

With respect to holders of claims in Voting Classes:

Holders of such claims can vote by completing the Ballot, signing it and returning it to the Balloting Agent so that is <u>actually received</u> by the Balloting Agent on or before **April 21, 2011 at 5:00 p.m. (prevailing Pacific time)** (the "Voting Deadline").

In order to be counted, your ballot must be actually received by the Voting Deadline.

The Ballot is not a letter of transmittal or a proof of claim and may not be used for any other purpose than to transmit your vote to accept or reject the Plan.

The Balloting Agent will not accept Ballots by facsimile or electronic mail. Only original Ballots <u>actually received</u> by the Voting Deadline will be counted.

### Tabulation Procedures for All Voting Classes

Your claim or interest has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with the following Tabulation Rules approved by the Bankruptcy Court pursuant to the Voting Procedures Order:

1. If a claim is scheduled on the Debtor's Schedules of Assets and Liabilities (the "<u>Schedules</u>") in an amount greater than $0.00 and not listed as "disputed," "contingent," or "unliquidated" in the Schedules, such claim will be temporarily allowed for voting purposes in the amount set forth in the Schedules.

2. If a proof of claim has been filed on account of such claim before the Record Date (as defined below), such claim will be temporarily allowed for voting purposes in the noncontingent, liquidated, and undisputed amount set forth in the proof of claim.

3. If a claim is deemed allowed under the Plan, such claim will be temporarily allowed for voting purposes in the amount set forth therein.

4. If a claim is listed on the Schedules, or a proof of claim filed before the Record Date, is identified on its face as contingent, unliquidated, or disputed, either in whole or in part, only the noncontingent, liquidated, and undisputed portion, if any, of such claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Rules, and the remaining portion of such claim will be disallowed for voting purposes.

5. If a claim has been allowed pursuant to a stipulation approved by the Court, such claim will be deemed allowed for voting purposes in the amount set forth in such stipulation.

6. If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court.

7. If on or before the Voting Deadline the Debtor has filed and served an objection to or motion to disallow or reclassify a claim, or to allow or estimate the claim in an amount different from the amount asserted in the claim, then such claim will be temporarily allowed for voting purposes in the lesser amount and classification requested by such objection or motion.

8. If a holder of a claim identifies a claim amount in its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

9. Creditors will not be entitled to vote claims to the extent such claims duplicate or have been superseded by other claims filed by or on behalf of such creditors. The Balloting Agent will determine whether a claim is duplicative or superseded in the Balloting Agent's discretion.

10. A party shall not be entitled to a vote on the Plan based upon a guarantee or other theory of payment. There shall be allowed only one vote per claim.

The following additional procedures have also been approved by the Court to be utilized in tabulating the Ballots with respect to Ballots submitted by a holder of a claim or interest:

1. Except to the extent the Debtor otherwise determines, or as permitted by the Court, any Ballots received after the Voting Deadline will not be accepted or counted by the Debtor in connection with the Debtor's request for confirmation of the Plan.

2. Any Ballot which is otherwise properly completed, executed, and timely returned that does not indicate an acceptance or rejection of the Plan shall be deemed to be a vote to accept the Plan, and unless otherwise elected on the Ballot, an acceptance of the releases contained within the Plan and the default treatment of such claim as set out on the Ballot.

3. Any Ballot that is returned indicating acceptance or rejection of the Plan but which is unsigned shall not be counted.

4. Whenever a Claimholder casts more than one Ballot voting the same claim or interest prior to the Voting Deadline, only the last Ballot timely received will be deemed to reflect the voter's intent and will thus supersede any prior Ballots.

5. If a Claimholder casts simultaneous duplicative Ballots which are voted inconsistently, those Ballots shall count as one vote accepting the Plan and the releases contained therein.

6. Each Claimholder shall be deemed to have voted the full amount of its claim or interest as set forth on the Ballot.

7. Claimholders shall not split their vote within a claim; thus each Claimholder shall vote all of its claim within a particular class either to accept or reject the Plan.

8. Ballots partially rejecting and partially accepting the Plan shall not be counted.

9. The method of delivery of Ballots to the Balloting Agent is at the risk of each Claimholder, and such delivery will be deemed made only when the original Ballot is actually received by the Balloting Agent.

10. No Ballot should be sent to the Debtor, agents of the Debtor (other than the Balloting Agent), or the Debtor's financial or legal advisors.

11. The Debtor expressly reserves the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtor makes material changes in the terms of the Plan, the Debtor will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.

12. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a Claimholder, such person shall be required to indicate such capacity when signing and, at the Balloting Agent's discretion, must submit proper evidence satisfactory to the Balloting Agent to so act on behalf of the Claimholder.

13. The Debtor, in its sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtor may, in its sole discretion, reject such Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan.

14. In the event a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise.

15. Any Claimholder who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

16. Subject to any contrary order of the Court, the Debtor reserves the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtor or its counsel, not be in accordance with the provisions of the Bankruptcy Code or the Disclosure Statement Order.

17. Subject to any contrary order of the Court, the Debtor further reserves the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot unless otherwise directed by the Court.

18. Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtor (or the Court) determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

19. Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have theretofore not been cured or waived) will not be counted.

20. Any Ballot received by telecopier, facsimile, e-mail, or other electronic communication shall not be counted.

21. For purposes of determining whether the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code have been satisfied, the Balloting Agent will tabulate only those Ballots received prior to the Voting Deadline.

## Releases

The Plan contains releases of certain third parties. Please review section 9.7 of the Plan and the related portions of the Disclosure Statement. If you elect not to grant the third party releases in the Plan, you must make such election on Item 3 of your Ballot and return the Ballot by the Voting Deadline.

## Questions

If you have questions regarding your Ballot or these Voting Instructions, please call _____.